## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**ELVIN GENAO**                                                                                               **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:20CV-56-GNS**

**EASTERN DISTRICT OF NY** *et al.*                                         **DEFENDANTS**

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Elvin Genoa filed the instant *pro se* action. Upon review, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff filed a complaint naming as Defendants "Eastern District of NY" and Alfred E. Smith. The complaint consists of the first page of a civil complaint form; a printout of an email dated March 29, 2020; a criminal complaint form listing as Defendants Eastern District of New York and Alfred E. Smith and citing numerous federal criminal statutes; an affidavit purportedly signed by Plaintiff and another individual; and a printout of an email dated January 3, 2020.

The email dated March 29, 2020, states as follows:

> WE FILED OUR FEDERAL COMPLAINT IN SEVERAL FEDERAL COURTS, FOR AN ON GOING SITUATION IN NEW YORK CITY, FOR A FALSE FLAG VIA FRAUD, THAT INTERRUPTED OUR JEWISH RELIGIOUS CEREMONY AS WE SPEAK THAT WE DECIDED TO CONVERT TO FOR POLITICAL REASONS, THAT HAPPENS ONCE IN A LIFE TIME FOR EVERY SINGLE JEW SINCE 2017 ALMOST 3 YEARS FOR THIS RITUAL, AN WE HAVE SENT IT TO DIFFERENT US EMBASSIES AROUND THE WORLD FOR REVIEW. AND OUR CONCLUSION WOULD BE IF OUR COMPLAINT DOES NOT APPLY TO YOUR CONSTITUION OR VICE VERSA, THEN WE ARE AT WAR AS WE SPEAK RIGHT NOW, AS WE WILL ESCALATE OUR POLITICAL STATUS AND FILE OUR NATIONAL FORMS, FOR THE CONTINENTAL UNITED STATES 8 USC S 1101 A 38, 8 USC S 1101 A 22, BUT IT HAS BEEN RETURNED, EITHER

> BY LOST IN TRANSIT OR RETURNED TO SENDER, AND OUR UCC DENIED FOR UNKNOWN REASONS, AND WE HAVE TO LEAVE THE STATE TO FILE OUR PAPER WORK IN A TIMELY MANNER, AN WE ARE ASKING FOR ASSISTANCE IN OUR COMPLAINT, WE DO HAVE PENDING LITIGATION'S AND WE DO NOT WANT TO BE FURTHER DELAYED BY UNFORESEEN CIRCUMSTANCES SUCH AS CORONAVIRUS OR LACK THERE OF, AND NO EMERGENCY INJUNCTION RELIEF HAS BEEN OFFERED TO USE BECAUSE OF THE ON GOING CIRCUMSTANCES, PASSPORT AGENCIES ARE CLOSED FOR THE TIME BEING. SO WE ARE LOOKING FOR OTHER ALTERNATIVES. PLEASE LET US KNOW IF YOU CAN ASSIST US IN OUR LEGISLATIVE PROCESS WITH OUT ANY FURTHER DELAYS.

There is a handwritten note in the bottom portion of the email which indicates that attempts were made to file "more complaints" in the Eastern District of New York but that the complaints were not allowed to be filed.

The affidavit attached to the complaint seems to allege a violation of federal criminal statutes, as well as 42 U.S.C. § 1983.  It also cites a number of New York criminal provisions.  The affidavit refers to "GENAO V. SAINT PATRICK CATHEDRAL (BASILICA)."  It states, "WE HIRED MORE THAN ONE PERSON FOR A PRIVATE SPIRITUAL CLEANSING IN 2017 AND WHEN WE NEEDED THE EXTRA HELP FOR ME AND MY SONS WHO NEED PROTECTION AS WELL . . ."  The affidavit continues on making similar statements.  The second email attached to the complaint states as follows:

> We asked for assistance for a federal claim going back to August 2016 when New York police department, police service area 6, came to my apartment for a domestic incident and afterwards explained to me and my family that I was or could be a trillionaire on the stock market via intellectual property theft hrough a federal lawsuit although i never invested into the stock market . . . .

Plaintiff filed an amended complaint naming as Defendants "US District Court/Eastern District of New York" and "Governor Alfred E. Smith Houses" (DN 3).  The amended complaint is filed on a form for filing a Complaint and Request for Injunction.  Attached to the form are what appears to be the cover page of a transcript of a video deposition of the Cardinal Timothy

2

M. Dolan taken in 2012 in a case before the U.S. Bankruptcy Court for the Eastern District of Wisconsin and a copy of the same affidavit attached to the original complaint.

In the amended complaint, Plaintiff indicates that the Court's jurisdiction is based on both federal question and diversity of citizenship. Where the form asks for the basis of federal question jurisdiction, Plaintiff cites a number of federal criminal statutes. Where the form asks for the facts supporting the claims, Plaintiff states,

> SOHO, SMITH HOUSES, AND TRIBECA THESE PARTS OF LOWER MANHATTAN WERE INVOLVED IN A FALSE FLAG VIA FRAUD, THAT IS AN ON GOING SITUATION AS WE SPEAK, CIRCUMVENTING THE CONSTITUTION TO CARRY A PYSOP OPERATION ON AMERICAN PUBLIC VIOLATING ALL STATUTES AND CODES OF TREASON TO THE PRESIDENTIAL LEVEL, THAT INCLUDES CHILD KIDNAPPING, SOLICITATION OF A MINOR, PLEASE SEE SUPPORTING DOCUMENTS ATTACHED FOR ALL INTERACTIONS AND HOW THE SITUTAION WAS ESCALATED INTENTIONALLY TO CRIMINAL ANARCHY, UNLAWFULLY ASSEMBLY, AND MORE TO DECLARE MILITARY INTERVENTION WHICH IN OUR TERMS WOULD BE FOREIGNERS CONSPIRING WITH ENEMY ALIENS TO UNDERMINE AND OVER THROW THE CONSTITUTION , WHICH WOULD BE A DECLARATION OF WAR AGAINST THE AMERICAN PEOPLE.

Where the form asks for a description of the irreparable injury alleged, Plaintiff states, "INVIDIOUS DISCRIMINATION THAT RESULTED UNDER PERMANENT DURESS AND COERCION, THAT RESULTED IN TREASON, RENUNCIATION OF OUR CITIZENSHIP AND COOPERATION WITH OTHER US EMBASSJES IN A DIFFERENT COUNTRY. Where the form asks for the relief requested, Plaintiff states, "TO BE ANNOUNCED."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

This action must be dismissed for several reasons. First, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon the Court's review of the complaint and amended complaint, they do not state coherent allegations to establish the Court's jurisdiction, show that Plaintiff is entitled to relief,

or state any demand for the relief sought. The pleadings, therefore, fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Second, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677, at *3 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* pleadings, which the Court must do, the Court concludes that the allegations meet the standard for dismissal under *Apple v. Glenn*.

Third, Defendants are not located in the Western District of Kentucky, and nothing in the complaint or amendment describes any events occurring in the Western District of Kentucky or gives any indication why this this action was filed in this Court. The complaint is therefore subject to dismissal for improper venue. *See* 28 U.S.C. § 1406(a).

**III.**

For the foregoing reasons, a separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:   April 23, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
4416.010

5